UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| | |
|---|---|
| THE YOUNG TURKS, INC., <br><br> Plaintiff, <br><br> - against - <br><br> RNN-TV LICENSING CO., LLC, and DOES 1 through 10, <br><br> Defendants. | Case No.: 19-4125 <br><br> PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT <br><br> <u>JURY TRIAL DEMANDED</u> |

Plaintiff The Young Turks, Inc. ("Young Turks"), by and through its undersigned attorney, hereby prays for relief based on the following:

1. This case involves a television broadcaster deciding to breach an exclusive license to broadcast current events programming because it was more profitable for the broadcaster to air infomercials. In doing so the broadcaster violated the Young Turks' rights under the contract and under New York law.

**PARTIES**

2. Plaintiff The Young Turks, Inc. is a Delaware corporation with its principal place of business in Los Angeles County, California. Young Turks engages in the development and production of television and video programming relating to current events and topics of social interest.

3. Defendant RNN-TV Licensing Co., LLC ("RNN" or "Defendant") is a Delaware limited liability company that is registered to do business in the State of New York with a principal place of business in Westchester County, New York. Young Turks is informed and

believes and based thereon alleges that RNN is wholly owned by Richard French, an individual residing in Westchester County, New York. Under federal law, RNN is a citizen of New York, the domicile of its owner.

4. In the alternative, Young Turks allege that if RNN has members other than French, such members are residents of New York or states other than California.

5. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 20, inclusive, are presently unknown to the Young Turks, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

6. The Young Turks is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of the Young Turks' rights and the damages to the Young Turks proximately caused thereby.

## **JURISDICTION AND VENUE**

7. This Court has jurisdiction under 28 U.S.C. § 1332 because the Young Turks and RNN have diversity of citizenship and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Venue is founded under 28 U.S.C. §§ 1391 and 1400(a) because RNN is a citizen of the State of New York residing in Westchester County, New York, which is within the Southern District of New York.  In addition, the acts by Defendant RNN which the Young Turks complains of were committed within this judicial district.

## FACTUAL BACKGROUND

9. On or about August 23, 2018, the Young Turks and RNN entered in a written agreement (the "Contract") pursuant to which the Young Turks granted RNN an exclusive broadcast license for the Young Turks' television program entitled "The Young Turks" and for the Young Turks' library of past programs (collectively, the "Program").  A true and correct copy of the Contract as attached hereto as Exhibit A.

10. The Contract gave RNN an exclusive license to exploit the Program on over-the-air, cable and satellite television in New York City, Boston, Philadelphia, Washington, DC, San Francisco and Los Angeles during the term of the Contract.

11. In exchange for the Young Turks' grant of rights to RNN, RNN agreed to pay the Young Turks a monthly fee of $40,000 for the term of the Contract.

12. The initial term (the "Term") of the Contract was for one year, renewable at RNN's option.

13. The effective date of the Contract was November 1, 2018.

14. The Young Turks fulfilled all of its obligations under the Contract.

15. During the term of the Contract, RNN decided that it wanted to broadcast infomercials instead of the Program on a nightly basis.  The Young Turks are informed and believe and based thereon allege that infomercials are more profitable for RNN than the Program.

16. On April 15, 2019, RNN notified the Young Turks in writing that RNN was terminating the Contract. In its April 15th letter, RNN stated that the Young Turks had breached the Contract on April 8th, 2019.

17. Any purported breach of the Contract by the Young Turks was not material and did not cause any damage to RNN.

18. RNN failed to give the Young Turks any prior notice of this purported breach and did not provide the Young Turks with an opportunity to cure the alleged default.

19. The purported breach of the Contract by the Young Turks was a mere pretext for RNN to terminate the Contract, stop broadcasting the Program and to try to make more money by airing infomercials instead of the Program.

20. After RNN terminated the Contract, the Young Turks continued to fulfill its obligations under the Contract by delivering the Program to RNN.

21. On or about April 19, 2019, RNN asked the Young Turks to stop delivering the Program to RNN.

22. As a result of RNN's breach of the Contract, the Young Turks has suffered monetary losses in the amount of the balance due to the Young Turks under the Contract, as set forth below.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

23. The Young Turks realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 22 as set forth hereinabove.

24. The Young Turks and RNN entered into the Contract, which was a legally binding agreement between them.

25. The Young Turks has fulfilled all of its obligations under the Contract.

26. RNN breached the Contract by refusing to pay the license fees due the Young Turks under the Contract.

27. RNN's breach of the Contract caused the Young Turks monetary damages in the amount of $40,000 per month from April 2019 through the end of the term of the Contract.

28. After RNN breached the Contract, the Young Turks continued to perform its obligations under the Contract by delivering the Program to RNN.

29. RNN repudiated the Contract by informing the Young Turks that it would no longer broadcast or otherwise distribute the Program.  RNN's repudiation relieved the Young Turks of any further obligation to perform under the Contract.

30. RNN's breach of the Contract before all of the Young Turks' obligations were due under the Contract was an anticipatory breach, relieving the Young Turks of any further obligation to perform under the Contract.

31. RNN's repudiation of the Contract has caused monetary damage to the Young Turks in an amount equal to the balance owed by RNN under the Contract, or $280,000.  Under New York law, the Young Turks elects to declare the entire outstanding balance of the Contract due.

**PRAYER FOR RELIEF**

WHEREFORE, based on the above allegations, the Young Turks prays for judgment against RNN as follows:

1. Compensatory damages in an amount to be proven at trial, but in an amount of at least $280,000, plus accrued interest at the maximum rate allowed under New York law;

2. For an award of the Young Turks' costs of suit, including but not limited to its attorney's fees; and

3.  For such other relief as the Court deems just and necessary.

The Young Turks demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: May 8, 2019               Respectfully submitted:

                                 By: /S/ Michael D. Steger
                                     Michael D. Steger, Esq. (MS 2009)
                                     Law Offices of Michael D. Steger, PC
                                     30 Ramland Road, Suite 201
                                     Orangeburg, NY  10962
                                     (845) 359-4600
                                     (845) 689-2155 (fax)
                                     msteger@steger-law.com
                                     Attorney for Plaintiff The Young Turks, Inc.